IN THE SUPERIOR COURT OF GUAM

CUPERIOR COURT
OF GUAM

2014 APR -8 AM 10: 22



| PEOPLE OF GUAM, | CRIMINAL CASE No. CM1071-13 |
| --- | --- |
| v. | |
| ANTHONY JOHN SIGUENZA CAMACHO, | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on Defendant Anthony John Siguenza Camacho's ("Defendant") Motion for Judicial Recusal. Defendant moves for the recusal of the Honorable Anita A. Sukola in the above-captioned case. Attorney Eric D. Miller represents the Defendant and filed the motion on his behalf.

## BACKGROUND

In the above-captioned case, Defendant faces two charges of harassment, both as petty misdemeanors, in violation of 9 GCA §§ 61.20(a) and (b). Compl. at 1. On February 25, 2014, Defendant filed a Motion for Judge to Recuse Herself ("Objection")[1]. Defendant's reasoning for bringing the motion was that the victim's deceased father is Judge Sukola's first cousin. Def's. Mot. at 1.

On March 6, 2014, Judge Sukola filed an Answer to Defendant's motion. Judge Sukola denied that she is first cousins with the victim's deceased father. Answer at 2 ¶ 2. She further disclosed that she "may be related to the [v]ictim's father by blood," however, "there is no legal relation to the [v]ictim's father as stated by the Defendant." *Id.* at 2 ¶ 3. Judge Sukola added that she is "unaware of any conflict that would prevent her from presiding over the matter in this

---

[1] "Although styled as a motion, we treat a motion for judicial disqualification as a written statement of objection, which is governed by 7 GCA § 6107, and not the usual law and rules governing motion practice." *Van Dox v. Super. Ct.*, 2008 Guam 7 ¶16.

Decision and Order
CM1071-13; *People v. Camacho*

case." *Id.* at 2 ¶ 4. Finally, Judge Sukola stated that she has never communicated with the victim's deceased father. *Id.* at 2 ¶ 6.

## DISCUSSION

### 1. Procedural Defects

Judicial disqualifications on Guam are governed by Title 7 GCA §§ 6105 and 6107. When a judge neglects or fails to declare his or her disqualification, any party to the action may file a written objection, setting forth the fact or facts constituting the ground of the disqualification of the Judge. Section 6107 requires that such statement of objection: (1) be served . . . on the Justice or Judge alleged in such statement to be disqualified, (2) be verified in the manner prescribed for the verification of pleadings, and (3) be presented at the earliest practicable opportunity . . . ." 7 GCA § 6107. "A party's failure to comply with the requirements under section 6107 constitutes sufficient grounds to strike or disregard the statement of objection." *People v. Johnny*, 2006 Guam 10 ¶ 11 (citing *Long Term Credit Bank of Japan v. Superior Court*, 2003 Guam 10 ¶ 43)(observing that "because service was deficient, the [challenged judge] was not required to file an answer).

#### A. An objection must be served upon the judge personally.

The Guam Supreme Court has held that "under section 6107, a recusal statement must be served on the judge personally, into the judge's hands." *Long Term Credit Bank of Japan*, 2003 Guam ¶ 40. In this case, Judge Sukola was not personally served with Defendant's objection. Answer at 1. By the mere fact that service was deficient, Judge Sukola was not required to file answer. On that basis, this Court could strike Defendant's objection as procedurally defective.

#### B. An objection must be verified in the manner prescribed for the verification of pleadings.

The objection was also defective in that it was not "verified in the manner prescribed for the verification of pleadings" as required under section 6107. In *Long Term Credit Bank*, the Supreme Court indicated that a verification pursuant to 6 GCA § 4308 ("I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).) is sufficient to comply with the verification requirement of section 6107. *Id.* at fn. 16. In this case, Defendant's objection does not have any sworn declarations attached nor does it comply with the verification requirements under 6 GCA § 4308. The next question is whether this procedural defect may be waived if not raised by the judge in his or her answer. Although the Supreme Court noted that a party's failure to comply with any of the requirements in Section 6107 is sufficient to strike or disregard the statement of objection (*Johnny* at ¶ 11), the Court has also held that an objecting party's failure to comply with at least one of the requirements may be waived if not raised in the judge's answer. *See Long Term Credit Bank* ¶ 43. Because this defect was not specifically raised in Judge Sukola's answer, the Court will deem this defect waived.

## C. An objection must be brought at the earliest practicable opportunity.

Section 6107 specifically provides that the objection shall be presented "at the earliest practicable opportunity after [the presenting party's] appearance and discovery of the facts constituting the ground for the . . . Judge's disqualification, and in any event before the commencement of the hearing of any issue of fact in the action or proceedings before such . . . Judge." 7 GCA 6107. In her Answer, Judge Sukola raised the fact that she had "presided over the instant case since it was assigned on February 17, 2014." Answer at 1. Although the objection was brought eight days later on February 25, 2014, the Court is unable to determine when exactly it was that Defendant discovered the facts constituting the ground for disqualification. The Court notes, however, that Defendant filed his objection before the first

hearing was held before Judge Sukola, which would lend toward a finding that the objection was timely.

Based on a review of the Court's file, this Court has determined (1) that the objection is procedurally defective in that it was not personally served on Judge Sukola and (2) the defect regarding verification of the objection was not specifically raised in Judge Sukola's answer and therefore waived. Further, the Court is unable to determine when exactly Defendant discovered the potential disqualifying facts, but the fact that the objection was filed prior the first hearing before Judge Sukola lends toward a finding that the objection was timely. Despite the procedural defects, Judge Sukola heard this matter on its merits on March 5, 2014. The result is that this Court will not strike Defendant's objection in the first instance. Instead, the Court determines that the objection is insufficient as a matter of law in that it fails to allege 'any facts that would serve as grounds for disqualification under Guam law . . . ." *Van Dox* ¶ 27 (citing *Johnny* ¶ 19).

## 2. Defendant's Objection is Legally Insufficient.

Without citing to any specific provision for the disqualification of Judge Sukola, Defendant simply states that the "victim's deceased father is Judge Sukola's first cousin." Def's. Mot. at 1. This type of objection would seemingly fall under 7 GCA § 6105(b)(5). That section provides that a Judge shall disqualify himself or herself: "(5) [w]here [the judge] or his or her spouse, or a person within the third degree of relationship to either of them, or the spouse of such person . . . (1) is a party to the proceeding . . . ." 7 GCA 6105(b)(1). However, as mentioned above, Judge Sukola's verified answer denies that she is first cousins with the victim's father. Ver. Answer at 2 ¶ 2. She acknowledged that she may be related to the victim's father by blood relation, but that that there is no legal relation to the victim's father as stated by Defendant. *Id.* ¶ 3. Further, Judge Sukola specified that she was informed that

Defendant merely heard about the purported familial relationship. *Id.* ¶ 5. Finally, Judge Sukola stated that she never communicated with the victim's deceased father. On those bases, the Court finds that Defendant's objection is not sufficient to disqualify Judge Sukola from this case under section 6105(b)(5).

Furthermore, under Guam law, "what matters is not 'actual bias,' 'but the appearance of bias.'" *Van Dox* ¶ 32 (citing *Dizon v. Super. Ct.*, 1998 Guam 3 ¶ 8). This Court is to apply the "standard of a 'reasonable person' who knows all the facts, and understands the 'contexts of the jurisdictions, parties, and controversies involved . . . .'" *Van Dox* ¶ 32 (quoting *Ada v. Gutierrez*, 2000 Guam 22 ¶¶ 12-13). "A court should not hypothesize what the reasonable person would believe only upon hearing the moving party's allegations. Instead, it should decide what the reasonable person would believe about the judge's partiality given all the relevant facts in the controversy." *Ada* ¶ 12.

Considering Defendant's unverified objection, and Judge Sukola's verified answer, the Court concludes that a reasonable person, given all the relevant facts in the controversy, could reasonably believe that Judge Sukola can remain impartial, and, further, that the alleged facts do not amount to bias or prejudice against either party.

## CONCLUSION

Based on the foregoing reasons, Defendant's Motion and Request for Disqualification is DENIED.

**IT IS SO ORDERED** this day of April _8_, 2014.

SERVICE VIA COURT BOX
I acknowledge that a copy of the
Original hereto was placed in the
court box of:

AG, PDSC
DMR
Date: 4/8/14 Time: 12:00p

Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

Decision and Order
CM1071-13; *People v. Camacho*